UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY and,
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

Case No. 2:23-cv-12996
Hon.

              Plaintiffs,

Magistrate Judge

v.

LINDA ANN POHLY and
LENTO LAW GROUP, P.C.,

**<u>DEMAND FOR JURY TRIAL</u>**

              Defendants.

---

**CARY R. BERLIN (P64122)**
**NATHAN M. WHITFORD (P83444)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

*The subject matter of this lawsuit relates, at least in part, to the same transaction or occurrence that is the subject matter of litigation currently pending in the United States District Court for the District of New Jersey, under Case No. 1:23-cv-20985.*

    Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company (collectively referred to as "Allstate"), through their attorneys, Patrick, Johnson & Mott, P.C., and for their Complaint for Declaratory Judgment brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 against the Defendants, Linda Ann Pohly and Lento Law Group, P.C., states as follows:

## **GENERAL ALLEGATIONS**

1.      Allstate is a foreign insurance corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business located in the City of Northbrook, State of Illinois, and at all times the material hereto, was licensed and authorized to provide property and casualty insurance in the State of Michigan, including, in Genesee County.

2.      Allstate is, therefore, a citizen, corporation and resident of the State of Illinois, and is not a resident, citizen or corporation of the State of Michigan or the State of New Jersey.

3.      At all times material hereto, Linda Ann Pohly ("Pohly") was a citizen of, and was domiciled in the State of Michigan.

4.      At all times material hereto, Lento Law Group, P.C. ("Lento"), is a citizen, corporation and resident of the State of New Jersey, and it is not a resident, citizen or corporation of the State of Illinois.

5.      A controversy exists between Allstate and the Defendants in an amount in excess of $75,000.00.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201.

7.      Venue is proper in this Court as the Defendant Pohly is a resident of the State of Michigan that resides within this District, and Lento maintains an office in the City of Detroit, Michigan, and conducts business within this District, while the subject policies of insurance were sold to Pohly in the State of Michigan.

8.      The laws of the State of Michigan govern this matter.

9.      Allstate Vehicle and Property Insurance Company issued a House and Home Policy to Pohly, numbered 965046233, wherein it agreed to provide a defense and/or

2

indemnification if she was legally obligated to pay damages because of bodily injury or property damage arising from an occurrence to which the policy applies, subject to all the terms, conditions, limitations and exclusions set forth therein. (House and Home Policy, **Exhibit "A"**).

10.     Allstate Indemnity Company issued a Personal Umbrella Policy to Pohly, numbered 965046844, wherein it agreed to pay for damages that an insured person becomes legally obligated to pay because of bodily injury or property damage arising out of an occurrence that is both a covered loss under the Excess Liability Insurance-Bodily Injury and Property Damage-Section of the policy, and a covered loss under the insured's required underlying insurance policies, or for which for Required Underlying Insurance was not required, or for personal injury arising from a covered occurrence, subject to all the terms, conditions, limitations and exclusions set forth therein. (Umbrella Policy, **Exhibit "B"**).

11.     The House and Home Policy provides $500,000.00 in family liability coverage per occurrence, and $1,000.00 in guest medical protection coverage per person. (**Exhibit "A"**).

12.     The Umbrella Policy provides $1,000,000.00 in bodily injury and property damages excess liability per occurrence, and $500,000.00 for personal injury coverage per occurrence. (**Exhibit "B"**).

13.     The subject House and Home policy provides, in relevant part:

Section II-Family Liability and Guest Medical Protection

Family Liability Protection-Coverage X

Losses We Cover Under Coverage X:
Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. . .

3

* * *

Coverage Y
Premises Medical Protection

Losses We Cover Under Coverage Y:
We will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an occurrence resulting in bodily injury covered by this part of the policy. . .

14.    The subject Umbrella Policy provides:

Umbrella policy provides:

Excess Liability Insurance - Bodily Injury and Property Damage Coverage XL

Section 1
Under Section 1 of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising out of an occurrence that is both a loss we cover under Excess Liability Insurance -Bodily Injury and Property Damage - Section 1 of this policy and a covered loss under your Required Underlying Insurance policy.

We will not pay any punitive or exemplary damages, fines and penalties.
* * *
Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage - Section 1

We will cover an occurrence arising only out of:

1.       Personal activities of an insured person. . .

* * *

Section 2
Under Section 2 of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising only out of:

4

1.   a covered occurrence for which Required Underlying Insurance is not required by this policy; or

2.   a covered occurrence for which you are required by this policy to maintain Required Underlying Insurance but there is no Required Underlying Insurance in effect at the time of the occurrence.

We will not pay punitive or exemplary damages, fines and penalties.

Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage - Section 2

We will cover an occurrence arising only out of:

Personal activities of an insured person . . .

* * *

Excess Liability Insurance - Personal Injury
Coverage XP

Under Excess Liability Insurance -Personal Injury, we will pay damages which an insured person becomes legally obligated to pay because of persona l injury. Personal injury must arise from a covered occurrence.

We will not pay any punitive or exemplary damages, fines and penalties.

Losses We Cover Under Excess Liability Insurance - Personal Injury

We will cover an occurrence arising only out of:

Personal activities of an insured person. . .

15.   On October 9, 2023, Lento filed a lawsuit against Pohly and others in the United States District Court for the District of New Jersey, alleging that Facebook posts Pohly made on September 4, 2023 defamed Lento. (Lento Complaint, **Exhibit "C"**).

16.   Specifically, Lento alleges that on September 4, 2023, Lynda Pendleton reportedly made a Facebook post discussing the parties in an ongoing lawsuit (in which Lento is

representing one of the parties), and after explaining the facts of the case, she posted her support for one of the parties. (**Id.**).

17.     In response to that post, it is alleged that a woman named Ronnie Lee posted a question if Lento was attending City Council meetings in order to look for ways to sue the City, and suggesting that the lawsuit being discussed and other lawsuits are frivolous. (**Id.**).

18.     That same day, Pohly reportedly responded to Ms. Lee's post, writing, "[W]e don't know for sure who is funding these lawsuits, but from looking at the Go Fund Me account, there is not enough money to pay for all of this litigation. I am sure at least some of the money is coming from somewhere else." (**Id.**).

19.     Pohly then replied to her own post, writing, "Or gifted!" (**Id.**).

20.     Ms. Lee purportedly then asks about the purpose of Lento attending Council meetings, and Pohly allegedly responded that, "[Y]es, that is why they are there," and again questioned where the money to pay for the litigation is coming from. (**Id.**).

21.     In its Complaint, Lento has alleged that Pohly is liable to it for Defamation-Libel Per Se (Count Two), False Light Defamation (Count Five) and Tortious Interference with Prospective Economic Advantage (Count Six) (**Id.**).

22.     The remaining counts do not assert any claims against Pohly. (**Id**.).

23.     Pohly has requested that Allstate provide her with a defense in the underlying litigation, and indemnify her against any judgment that is entered against he in that case under one or both of her Allstate policies.

24.     Allstate is currently defending Pohly in the underlying litigation under reservations of rights for each policy. (**Exhibit "D"**).

<u>**COUNT I**</u>
<u>**ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY POHLY**</u>
<u>**UNDER HER HOUSE AND HOME POLICY OR HER UMBRELLA POLICY, AS HER**</u>
<u>**ALLEGED CONDUCT DOES NOT CONSTITUTE AN**</u>
<u>**OCCURRENCE UNDER THE POLICIES**</u>

25.     Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 24 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

26.     The Policies provide the following definitions:

(House and Home Policy)

GENERAL
Definitions Used in This Policy
Throughout this policy, when the following words appear in bold type, they are defined as follows:

1.     Bodily injury – means physical harm to the body, including sickness or disease, and resulting death. . .

* * *

7.     Occurrence – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

8.     Property damage – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

(Umbrella Policy)

GENERAL
Definitions Used in This Policy

1.     Bodily injury means:

a)     physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body. . .

\* \* \*

5.    Occurrence means an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury, personal injury or property damage.

6.    Personal injury means harm resulting from:

a)    false arrest, false imprisonment, wrongful detention;

b)    wrongful entry, invasion of rights of occupancy, wrongful eviction; or

c)    libel, slander, humiliation, defamation of character, invasion of rights of privacy.

7.    Property damage means physical harm to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

27.    Lento has not alleged that it sustained a bodily injury or property damage, as those phrases are defined in the policies.

28.    Both policies define "occurrence," in relevant part, as "an accident."

29.    Pohly's alleged conduct did not result from an accident, as she intended to post on Facebook about Lento, and chose to imply that they were acting improperly in connection with their attending City Council meetings and suing the City of Flint.

30.    Pohly's intentional actions created a direct risk that some harm would befall Lento by her posting negative and allegedly defamatory statements that Lento not acting improperly regarding the lawsuits it was involved in with the City of Flint.

31.    Pohly's alleged conduct is not an occurrence under her House and Home policy, as it did not result from an accident, and did not result in Lento sustaining bodily injuries or property damage, as those phrases are defined in the policy.

32.     Pohly's alleged conduct is not an occurrence under her Umbrella policy, as it did not result from Pohly's accidental conduct.

33.     Therefore, Allstate does not have a duty under Pohly's House and Home Policy or her Umbrella Policy to defend or indemnify Pohly in the lawsuit brought against her by Lento.

WHEREFORE, Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

a.     declares the rights and other relations of the parties to this action;

b.     declares that, under the subject House and Home policy of insurance, Allstate is not obligated to defend or indemnify Pohly in the underlying lawsuit, case number 1:23-cv-20985, because her actions were not accidental, and because Lento did not sustain bodily injury or property damage, as those phrases are defined in the House and Home policy;

c.     declares that, under the subject Umbrella policy of insurance, Allstate is not obligated to defend or indemnify Pohly in the underlying lawsuit, case number 1:23-cv-20985, because her actions were not accidental;

d.     permits a trial by jury of any fact issues in this case;

e.     awards Allstate its costs and attorney fees; and

f.     awards Allstate any other relief this Court deems appropriate.

## COUNT IV
### ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY POHLY UNDER HER HOUSE AND HOME POLICY OR HER UMBRELLA POLICY, AS LENTO'S CLAIMED INJURIES AND DAMAGES ARE BARRED BY THE POLICIES' EXPECTED OR INTENDED ACTS EXCLUSIONS

34.     Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 33 of this Complaint for Declaratory Judgment, the same as if the

allegations were fully set forth herein.

35.    The policies, pursuant to endorsements, provide:

(House and Home Policy)

Losses We Do Not Cover Under Coverage X:

1.    We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

a)    such insured person lacks the mental capacity to govern his or her conduct;

b)    such bodily injury or property damage is of a different kind or degree than that intended or reasonably   expected; or

c)    such bodily injury or property damage is sustained by person than intended or reasonably expected.

except when the person claiming the loss is an innocent co-insured.

If a criminal act occurred related to the loss, this exclusion will only be applied if a court or other adjudicatory body convicts an insured of that criminal act.

* * *

Losses We Do Not Cover Under Coverage Y:

1.    We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

a)    such insured person lacks the mental capacity to govern his or her conduct;

b)    such bodily injury or property damage is of a different kind or degree than that intended or reasonably   expected; or

c)    such bodily injury or property damage is sustained by person than intended or reasonably expected.

(Umbrella Policy)

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Bodily Injury and Property Damage-Section 2 Excess Liability Insurance-Bodily Injury and Property Damage-Section 2 will not apply:

\* \* \*

13.    To bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This includes any  bodily injury or property damage arising out of a violation of a penal law or ordinance committed by or with the consent or knowledge of an insured person. This exclusion applies even if:

  a)    such insured person lacks the mental capacity to govern his or her conduct;

  b)    such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

  c)    such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of, a crime.

\* \* \*

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Personal Injury
This coverage does not apply:

\* \* \*

12.    To personal injury intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any insured person.

This exclusion applies even if:

  a)    such insured person lacks the mental capacity to govern his or her conduct;

  b)    such personal injury is of a different kind or degree than that intended or reasonably expected; or

  c)    such personal injury is sustained by person than intended or reasonably expected.

11

36.     Under the express terms of the House and Home Policy, bodily injuries or property damages resulting from Pohly's expected or intended conduct are excluded from coverage.

37.     Under the express terms of the Umbrella policy, bodily injuries, personal injuries and/or property damages resulting from Pohly's expected or intended conduct are excluded from coverage.

38.     Lento has alleged that Pohly intentionally made the subject Facebook posts, which Lento claims defamed it, and that she tortiously interfered with its prospective economic advantage.

39.     Pohly's alleged conduct precludes coverage for Lento's claimed injuries under the subject House and Home policy, as Pohly's claimed conduct was intended, and/or the injuries reportedly sustained by Lento were expected to result from her intentional actions.

40.     Pohly's alleged conduct precludes coverage for Lento's claimed injuries under the subject Umbrella policy, as Pohly's claimed conduct was intended, and/or the injuries reportedly sustained by Lento were expected to result from her intentional actions.

41.     Therefore, Allstate does not have a duty under Pohly's House and Home Policy, or her Umbrella Policy, to defend or indemnify her in the lawsuit brought against her by Lento.

WHEREFORE, Plaintiffs Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

      a.    declares the rights and other relations of the parties to this action;

      b.    declares that, under the subject House and Home and policy of insurance, Allstate is not obligated to defend or indemnify Pohly in the underlying lawsuit, case number case number 1:23-cv-20985,

because any claimed injuries or damages allegedly sustained by Lento are expressly excluded by the policy's expected and/or intended acts exclusions;

c.      declares that, under the subject Umbrella policy of insurance, Allstate is not obligated to defend or indemnify Pohly in the underlying lawsuit, case number case number 1:23-cv-20985, because any claimed injuries or damages allegedly sustained by Lento are expressly excluded by the policy's expected and/or intended acts exclusions;

d.      permits a trial by jury of any fact issues in this case;

e.      awards Allstate its costs and attorney fees; and

f.      awards Allstate any other relief this Court deems appropriate.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
Date: November 27, 2023          P64122

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY and,                    Case No. 2:23-cv-12996
ALLSTATE VEHICLE AND PROPERTY                      Hon.
INSURANCE COMPANY,

       Plaintiffs,                              Magistrate Judge

v.

LINDA ANN POHLY and
LENTO LAW GROUP, P.C.,

       Defendants.

---

**CARY R. BERLIN (P64122)**
**AMY L. WILLE (P68360)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiff
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## JURY DEMAND

    Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, through their attorneys, Patrick, Johnson & Mott, P.C., hereby demand a trial by jury in the above-captioned matter.

                       Respectfully submitted,

                       **PATRICK, JOHNSON & MOTT, P.C.**

                       *s/ Cary R. Berlin*
                       Attorneys for Plaintiffs
                       70 Macomb Place, Suite 224
                       Mt. Clemens, Michigan 48043
                       (248) 356-8590
                       cberlin@pjmpc.com
                       P64122

Date: November 27, 2023